IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIELA HALLIBURTON, § | |
| § | Civil Action No. _____ |
| Plaintiff, § | |
| v. § | |
| § | Jury Trial Demanded |
| ADMINISTRATORS OF THE TULANE § | |
| EDUCATIONAL FUND, § | |
| § | |
| Defendant. § | |
| § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Daniela Halliburton, through her undersigned counsel, brings this action against Defendant Administrators of the Tulane Educational Fund and respectfully alleges as follows:

**INTRODUCTION**

1. This lawsuit seeks monetary relief and other damages from Defendant for its violations of the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Fair Labor Standards Act ("FLSA). Defendant discriminated against Plaintiff on the basis of her disability and retaliated against her for complaining about unlawful discrimination and for taking protected leave under the FMLA by, *inter alia,* (i) failing to provide a reasonable accommodation for her disability, (ii) placing her on a three-day unpaid suspension, (iii) removing her job responsibilities; and (iv) ultimately terminating Plaintiff's employment. Defendant's placing Plaintiff on a three-day unpaid suspension and removing her direct reports and job responsibilities also constitute a violation of the foregoing statutes.

1

## THE PARTIES

2. Plaintiff Daniela Halliburton (hereinafter "Ms. Halliburton" or "Plaintiff") is an individual residing in Orleans Parish, Louisiana.

3. Defendant Administrators of the Tulane Educational Fund ("Defendant") is an entity domiciled in Orleans Parish, Louisiana and may be served as follows: **Victoria D. Johnson, Suite 300 Gibson Hall, 6823 St. Charles Avenue, New Orleans, LA 70118.**

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court also has supplemental jurisdiction over Ms. Halliburton's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper as one or more of the alleged unlawful employment practices occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All conditions precedent to the institution of Plaintiff's ADA claims have been fulfilled.

## FACTUAL ALLEGATIONS

7. In or around October 1997, Plaintiff began working for Defendant as a temporary worker and was hired on a permanent basis in or around February 1998. After being promoted a number of times by Defendant, Plaintiff again was promoted to the position of Lead Applications Specialist in 2004. Plaintiff held the position of Lead Applications Specialist with Defendant until her unlawful termination in May 2017.

8. After nearly twenty years of dedicated service with Defendant, Plaintiff was required to take FMLA-protected leave in 2016 and 2017 as a result of, *inter alia*, her depression.

9. Plaintiff's depression constitutes a "serious health condition" under the FMLA.

10. Plaintiff's depression required both permanent leave and intermittent leave protected by and provided for under the FMLA.

11. Plaintiff's depression, and the complications associated therewith, also constitute a disability under the ADA, as amended.

12. After returning to work in April 2016, Plaintiff complained to Defendant on multiple occasions that she was being discriminated against because of her disability, retaliated against for taking FMLA-protected leave, and retaliated against for complaining about Defendant's discrimination. Notwithstanding Plaintiff's reports and complaints, Defendant took no meaningful actions to remedy the unlawful discrimination and retaliation.

13. Indeed, while still on intermittent leave protected by the FMLA and after reporting her complaints about Defendant's discrimination and retaliation, Plaintiff received several unjustified "Counseling Reports" and performance evaluations from Defendants criticizing her job performance. Defendant even placed Plaintiff on an unlawful three-day unpaid suspension from in violation the FMLA, the ADA, and the FLSA.

14. Even further, Defendant blamed *Plaintiff* for reporting physical threats that a co-worker had made to her and others by claiming that she, her corroborating witness (also a co-worker), and the co-worker who actually made the threats were "disrupting the harmony" of the workplace. To this very day, it remains unclear to Plaintiff how Defendants could possibly blame

her for the threats that a co-worker made to her, particularly when there was a corroborating co-worker who verified the threats made against Plaintiff and others.

15. In addition to the foregoing, Defendant removed Plaintiff's direct reports from reporting to her and also removed several of Plaintiff's job responsibilities from her position as Lead Applications Specialist.

16. In May 2017, Defendant abruptly terminated Plaintiff's employment without justification while she was on FMLA-protected leave because of her disability, her taking FMLA-protected leave, and her complaints about Defendant's discrimination and retaliation.

17. As a direct and proximate result of the aforesaid unlawful employment practices, Plaintiff has sustained, and will in the future sustain, permanent and irreparable economic and other harm, including, but not limited to, the loss of employment opportunities, damage to her reputation, loss of earnings, loss of certain benefits, loss of future earning power, back pay and front pay, interest, and attorneys' fees and costs.

**FIRST CAUSE OF ACTION**
**(Violations of the ADA – Disability Discrimination/Failure to Accommodate)**

18. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

19. Plaintiff's depression, and the complications associated therewith, constitute a disability under the ADA, as amended.

20. Plaintiff was able to perform the essential functions of her position with a reasonable accommodation.

21. Defendant refused to permit Plaintiff to perform the essential functions of her positions and refused to engage in the interactive process or provide an accommodation to Plaintiff.

22. Defendant discriminated against Plaintiff on the basis of her disability as heretofore alleged, and Defendant refused to honor its obligation to engage in the interactive process and accommodate Plaintiff's disability.

23. Plaintiff requests that she be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of the United States; (ii) injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

## SECOND CAUSE OF ACTION
**(Retaliation – ADA)**

24. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

25. Plaintiff complained about the treatment she was receiving as a result of her disability.

26. Plaintiff has been retaliated against in response to her participation in proceedings under the ADA as well as to her opposition of Defendant's practices, which violate the ADA.

27. Defendant engaged in conduct materially adverse to a reasonable employee and took adverse employment actions against Plaintiff as heretofore alleged.

28. Plaintiff requests that she be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of the United States; (ii) injunctive relief, an award of lost wages,

including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

## THIRD CAUSE OF ACTION
### (Retaliation/Discrimination– FMLA)

29. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

30. Defendants retaliated against Plaintiff for taking FMLA-protected leave as heretofore alleged.

31. Defendants' actions constitute retaliation and/or discrimination under the FMLA.

32. Plaintiff has incurred actual and consequential damages as a result of Defendants' unlawful retaliation.

33. Plaintiff requests that she be granted all available relief including, but not limited to, an award of lost wages and employment benefits, liquidated damages, equitable relief as the Court may deem appropriate, and all other and further relief as to the Court appears necessary and proper, including, but not limited to, the costs of this action, attorney fees, and pre-judgment interest.

## FOURTH CAUSE OF ACTION
### (Violations of the FLSA)

34. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

35. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues. Defendant and its employees routinely (i) travel across state lines to transact business, and (ii) handle and work with materials that have traveled in interstate commerce, including automobiles, computers, tools, and similar materials.

36. The FLSA prohibits employers like Defendant from making deductions to exempt employees' salaries based on the quantity or quality of their work. Nonetheless, Defendant placed Defendant on a three-day unpaid suspension and therefore misclassified Plaintiff as an exempt employee.

37. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA.

38. As a result of Defendant's unlawful conduct, Plaintiff is entitled to damages equal to the amount of all uncompensated time worked, including minimum wage and overtime, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

39. Plaintiff also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## DEMAND FOR JURY

40. Plaintiff hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth her Complaint, Plaintiff respectfully requests that this Court award all legal and equitable relief available to her from Defendant, including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States and Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination and

retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, liquidated damages, pre-judgment and post-judgment interest, attorneys fees, expenses and costs (including expert witness expenses), equitable relief, and any other relief this Court deems just and proper.

Dated: October 3, 2018

Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By: s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com